**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
CASE NO.: _____**

*ELECTRONICALLY FILED*

JOHN DOE                                                                                              PLAINTIFF

v.

GEORGETOWN COLLEGE;                                                               DEFENDANTS
LEAH CASTLEMAN, in her official and
individual capacity; ROBERT FULTZ, in his
official and individual capacity; PATRICIA
GAETZ, in her official and individual capacity;
JOHN JOHNSON, in his official and individual
capacity; TIERA MASON, in her official and
individual capacity; ROGER WARD, in his
official and individual capacity.

## NOTICE OF REMOVAL

Please take notice the Defendants Georgetown College, Leah Castleman, in her official and individual capacity, Robert Fultz, in his official and individual capacity, Patricia Gaetz, in her official and individual capacity, John Johnson, in his official and individual capacity, Tiera Mason, in her official and individual capacity, and Roger Ward, in his official and individual capacity, (hereinafter, "the Defendants"), have removed this action from the Scott Circuit Court Civil Division to the United States District Court for the Eastern District of Kentucky. Scott Circuit Court is located within the jury division of the United States District Court for the Eastern District of Kentucky, Central Division. Copies of all process, pleadings, and orders of record are attached hereto and made a part hereof.

## GROUNDS FOR REMOVAL

1. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's claims for gender discrimination under 20 U.S.C. § 1681, otherwise known as Title IX. The

Defendants may therefore remove this action to this Court pursuant to 28 U.S.C. § 1441(a) and (c) because this action includes claims arising under the Constitution, laws, or treaties of the United States.

2.      This Court has supplemental jurisdiction over all remaining claims in this action including: Plaintiff's claims for breach of contract (Count I), breach of the covenant of goof faith and fair dealing (Count II), and negligence (Count IV). These claims are "so related to claims in the action with such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). As such, removal of the entire action is proper and consistent with 28 U.S.C. § 1367.

3.      Plaintiff commenced this action in the Scott Circuit Court by filing a Complaint on June 21, 2021 styled *John Doe v. LEAH CASTLEMAN, in her official and individual capacity; ROBERT FULTZ, in his official and individual capacity; PATRICIA GAETZ, in her official and individual capacity; JOHN JOHNSON, in his official and individual capacity; TIERA MASON, in her official and individual capacity; ROGER WARD, in his official and individual capacity*, Civil Action No. 21-CI-00389. The Plaintiff's Complaint seeks an order compelling Defendants to comply with Title IX, removal of disciplinary charges and findings on the Plaintiff's disciplinary record, compensatory damages, and punitive damages.

4.      This Notice of Removal is timely filed, pursuant to 28 U.S.C § 1446(b)(1) because it has been filed within thirty days of receipt of a copy of the Complaint. The first Defendant to receive a copy of the Complaint did so on June 24, 2021.

5.      Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders of record in this matter, including this Defendants' Notice of Removal filed in the state court, are

attached hereto as Exhibit A. A copy of the docket summary from the Scott County Circuit Court is attached as Exhibit B.

6. The Court's exercise of federal question jurisdiction is proper pursuant to 28 U.S.C. § 1441(a) and (c) because Plaintiff's claims in the civil action against Defendants include alleged violations of 20 U.S.C. § 1681. This Court has original jurisdiction over these constitutional claims pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367 because they "derive from a common nucleus of operative fact" with the original federal claims. *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 725 (1966). All claims arise out of incidents from the fall of 2019 until the spring of 2020, at Georgetown College in Georgetown, Kentucky, involving Plaintiff and Defendants wherein Plaintiff claims Defendants discriminated against him during a Title IX investigation regarding a sexual assault allegation. Plaintiff also alleges that Defendants breached the contractual relationship that existed during the Title IX investigation. (Compl. at pgs. 3-10, lines 9-83).

7. By removing this action to this Court, the Defendants do not waive any defenses available to them, and expressly reserve the right to assert all such defenses.

8. Pursuant to 28 U.S.C. § 1446(b)(2) no other defendants have been properly joined and served. As such, no consent to removal is necessary.

WHEREFORE, the Defendants respectfully requests this Court assume jurisdiction over the above-captioned case.

FREEMAN MATHIS & GARY, LLP

*s/Tia J. Combs*
Casey C. Stansbury
Tia J. Combs
2525 Harrodsburg Road, Suite 500
Lexington, KY 40504
cstansbury@fmglaw.com
tcombs@fmglaw.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

This is to certify that the foregoing has been served, via first class USPS, postage prepaid, and via email on this the 12th day of July 2021, upon the following:

Kevan Morgan
Morgan Law Office, PLC
130 N. Hamilton St.
Ste 103
Georgetown, KY 40324
*Counsel for the Plaintiff*

James M. Francis
Francis Law Firm, PLLC
4071 Tates Creek Centre Dr.
Ste 304
Lexington, KY 40517
*Counsel for the Plaintiff*

*s/Tia J. Combs*
*Counsel for Defendants*
