Filed

NOT ORIGINAL DOCUMENT
07/12/2021 03:53:37 PM
89056

1.

COMMWEALTH OF KENTUCKY
SCOTT CIRCUIT COURT
CIVIL DIVISION ____
CIVIL ACTION NUMBER 21-CI-_____

JOHN DOE;                                                                    PLAINTIFF

v.

GEORGETOWN COLLEGE;
LEAH CASTLEMAN, in her official and individual capacity;
ROBERT FULTZ, in his official and individual capacity;
PATRICIA GAETZ, in her official and individual capacity;          DEFENDANTS
JOHN JOHNSON, in his official and individual capacity;
TIERA MASON, in her official and individual capacity; and
ROGER WARD, in his official and individual capacity.

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

COMES NOW, Plaintiff JOHN DOE[1], appearing through counsel, and for his cause of

action against Defendant Georgetown College, LEAH CASTLEMAN, in her official and

individual capacity ("CASTLEMAN"); ROBERT FULTZ, in his official and individual capacity

("FULTZ"); PATRICIA GAETZ, in her official and individual capacity ("GAETZ"); JOHN

JOHNSON, in his official and individual capacity ("JOHNSON"); TIERA MASON, in her

official and individual capacity ("MASON"); and ROGER WARD, in his official and individual

capacity ("WARD"); respectfully states and alleges the following:

### NATURE OF THE ACTION

1.      This is an action arising under 20 U.S.C. § 1681 (commonly known as Title IX), and the

common law of Kentucky.

### THE PARTIES

---

[1] Due to the nature of the allegations raised in this civil action, the Plaintiff is proceeding under the pseudonym "John Doe" and identifies his accuser as "Jane Roe."  He identifies other Georgetown College students by their initials.

Presiding Judge: HON. JEREMY MATTOX (614374)

COM : 000001 of 000018

EXHIBIT
A

NOT ORIGINAL DOCUMENT
07/12/2021 03:53:37 PM
89056

1.

2.      The Plaintiff, John Doe, at all relevant times, was a student at Georgetown College and a citizen of the Commonwealth of Kentucky.

3.      Defendant College, at all relevant times, was a Kentucky corporation having a principal place of business and campus at 400 East College St, Georgetown, KY.

4.      Defendants CASTLEMAN, FULTZ, GAETZ, JOHNSON, and WARD (collectively the "HEARING OFFICERS") are employees of GEORGETOWN COLLEGE and were appointed to preside over JOHN DOE'S Title IX hearing.

5.      Defendant MASON, at all relevant times, was the Assistant Dean of Students and Title IX Coordinator at Georgetown College and was the investigator of the allegations against JOHN DOE.

## VENUE AND JURISDICTION

6.      Venue and jurisdiction are proper in this Court in that GEORGETOWN COLLEGE's principal place of business is in Scott County, Kentucky and the HEARING OFFICERS work for GEORGETOWN COLLEGE at the Scott County campus.  Moreover, a substantial part of the events and omissions giving rise to the claims occurred in Scott County.

7.      There being no diversity of citizenship, the case is properly filed in the Scott County Circuit Court of the Commonwealth of Kentucky.

8.      The damages claimed by the plaintiff in this case are in excess of the jurisdictional minimum required for a cause of action in Circuit Court in the Commonwealth of Kentucky.

## STATEMENT OF FACTS

9.      John Doe was a student at Georgetown College from Fall of 2018 until mid-Fall of 2019.

10.     John Doe is Hispanic and was born in Guatemala.

2.

Presiding Judge: HON. JEREMY MATTOX (614374)

Filed          21-CI-00389     06/21/2021     Tina Foster, Scott Circuit Clerk
NOT ORIGINAL DOCUMENT
07/12/2021 03:53:37 PM
89056

1.

11.     On October 1, 2019, John Doe and JANE ROE met with mutual friends the evening of October 1, 2019.

12.     JOHN DOE, JANE ROE, and their friends eventually went back to JOHN DOE's dormitory room to continue their evening.

13.     In JOHN DOE's dormitory room, they were joined by T.M. and several of his friends.

14.     T.M. is an African American male.

15.     All of those present, except for one guest, began drinking vodka at one point in the evening.

16.     JOHN DOE and JANE ROE drank approximately 3 shots of vodka each during the evening.

17.     Eventually their friends left the dormitory room and only JOHN DOE, JANE ROE, and T.M. remained.

18.     Despite JANE ROE having a boyfriend, she and John Doe began to engage in sexual conduct at some point around 1:00 a.m. on October 2, 2019, while T.M. was still in the room.

19.     JOHN DOE and JANE ROE began engaging in mutually consensual sexual conduct with each other while T.M. was still in the dormitory room.

20.     T.M. became uncomfortable with being present while John Doe and JANE ROE continued their sexual conduct and left the room shortly after it began to give them some privacy.

21.     As T.M. was leaving, he overheard JANE ROE ask JOHN DOE if he had a condom, presumably because she did not want to have intercourse without him using a condom.

22.     T.M. provided a condom to the couple because JOHN DOE did not have one, however, the condom was never used.

2.

Presiding Judge: HON. JEREMY MATTOX (614374)

COM : 000003 of 000018

Filed          21-CI-00389     06/21/2021        Tina Foster, Scott Circuit Clerk

NOT ORIGINAL DOCUMENT
07/12/2021 03:53:37 PM
89056

1.

23.     After they had mutually consensual intercourse, JOHN DOE and JANE ROE proceeded

to the floor's restroom/shower room where they encountered T.M. again.

24.     In the restroom and in the presence of T.M., JANE ROE was in an upbeat mood and

engaged in casual conversation with John Doe.

25.     He walked her out of the dormitory to comply with dormitory rules regarding escorting

guests and walked her to her dormitory building approximately 50 feet away.

26.     JANE ROE became worried about her sexual escapades with John Doe possibly

becoming public knowledge and became upset, possibly over feeling guilt about cheating on her

boyfriend.

27.     JANE ROE's mood was noticed by her roommate and JANE ROE fabricated the story

that John Doe had raped her.

28.     JANE ROE's roommate, out of concern for JANE ROE, sought out the floor's residence

advisor ("RA") and JANE ROE repeated her story to her RA.

29.     At the insistence of her roommate and her RA, JANE ROE called the Georgetown Police.

30.     JOHN DOE was then contacted by the Georgetown Police who arrived at his dormitory

at about 2:30 a.m. on October 2, 2019.

31.     JOHN DOE was then voluntarily proceeded to the police station to obtain his statement.

32.     T.M. was also taken to the police station for his statement.

33.     After providing a statement, T.M. was transported from the Georgetown Police

Department back to campus by MASON.

34.     While MASON was transporting T.M. back to campus, she asked him to tell her what he

knew of the incident.

2.

Presiding Judge: HON. JEREMY MATTOX (614374)

COM : 000004 of 000018

NOT ORIGINAL DOCUMENT
07/12/2021 03:53:37 PM
89056

1.

35.    T.M. recounted the incident to MASON and told her that, from his perspective, the sexual intercourse was consensual and that he encountered the couple afterwards and JANE ROE was clearly on friendly terms with John Doe and was not intoxicated.

36.    At some point, JANE ROE went to Georgetown Hospital to take rape test.

37.    JOHN DOE also underwent a rape test at the hospital.

38.    JOHN DOE had no further contact with the Georgetown Police.

39.    JANE ROE did not request that JOHN DOE be arrested and charged with rape.

40.    Back on campus, T.M. was moved to a new dormitory room by the college, presumably to separate a potential witness from the accused rapist.

41.    JANE ROE was never relocated away from her roommate and her RA and they were never relocated away from JANE ROE.

42.    MASON failed to obtain a formal statement from T.M., presumably intentionally, saying only that she was unable to locate him after the incident despite the small size of the college and knowledge of his class schedule and dormitory assignment.

43.    Approximately two weeks later, MASON asked JOHN DOE for his version of events.

44.    Given the allegation that he engaged in non-consensual sex with JANE ROE, JOHN DOE requested to have a lawyer present for the interrogation.

45.    MASON told John Doe that it would be no problem for him to have his attorney present, and that she would reschedule his statement for another time.

46.    On Oct 18, instead of obtaining JOHN DOE's statement with a lawyer present, he was suspended as a student by GEORGETOWN COLLEGE without the investigation having been completed.

2.

Presiding Judge: HON. JEREMY MATTOX (614374)

NOT ORIGINAL DOCUMENT
07/12/2021 03:53:37 PM
89056

1.

47.     GEORGETOWN COLLEGE proceeded to withdraw JOHN DOE from his classes prior

to fully investigating the allegations and indicated that he would be suspended until the

investigation was complete.  JOHN DOE was told to leave the campus and not return unless he

was reinstated.

48.     JOHN DOE received letters dated October 29 and October 31 informing him that he had

already been withdrawn from all classes and in fact owed a balance on his tuition, because he

was withdrawn by GEORGETOWN COLLEGE during the 0% refund period.

49.     JOHN DOE's tuition and fees were lost and he was not provided any accommodation to

take any classes remotely.  Moreover, JOHN DOE lost all grants and scholarships and was still

responsible for paying back his student loans despite the punishment occurring before the

investigation.

50.     JOHN DOE, through counsel, requested a Title IX hearing to take place in November of

2019.

51.     JOHN DOE subsequently provided a written statement to MASON on December 2, 2019

with the understanding that he would still be able to have hearing in December.

52.     GEORGETOWN COLLEGE denied JOHN DOE's request for a hearing and informed

him that they would be unable to hold a hearing until after December 2019 because of the

HEARING OFFICERS busy schedules and the upcoming holiday break.

53.     Since the hearing was going to be pushed into the second semester, thus denying JOHN

DOE an entire year of college, the Parties engaged in settlement negotiations to pursue a faster

resolution.

54.     A resolution was never reached, and JOHN DOE, on April 24, 2020, repeated his request

for a hearing.

2.

Presiding Judge: HON. JEREMY MATTOX (614374)

COM : 000006 of 000018

NOT ORIGINAL DOCUMENT
07/12/2021 03:53:37 PM
89056

1.

55.     On May 21, 2020, GEORGETOWN COLLEGE finally scheduled a hearing for May 28, 2020.

56.     Despite the fact that the investigation began almost eight months prior and even after multiple requests, JOHN DOE and his attorney were not provided with the investigation results until just prior to the hearing.

57.     MASON failed to draft an Investigator Report until May 26, 2020, over 7 months after the incident.

58.     GEORGETOWN COLLEGE refused to provide a copy of the Investigator Report to JOHN DOE and his attorney, choosing instead to provide for viewing of the document over the internet in a manner which restricted it from being downloaded or printed.

59.     The Investigator Report made no mention of MASON's interrogation of T.M., a witness with first-hand knowledge of the incident.

60.     Upon information and belief, T.M.'s oral statement was not included because it did not fit the narrative that MASON and GEORGETOWN COLLEGE had adopted which aligned with prevailing politically correct groupthink as to *rape culture* in which allegations of sexual misconduct made against male students by female students were initially presumed to be true and the male student presumed to have committed the acts and forced to prove their innocence.

61.     Upon information and belief, T.M.'s oral statement did not appear in the Investigator Report in part because he was male and in part because he was an African-American male.

62.     Upon information and belief, JOHN DOE's statement was disbelieved because he was a Hispanic male and because he was presumed guilty by requesting the presence of counsel.

63.     A Title IX hearing was conducted virtually on May 28, 2020, before GEORGETOWN COLLEGE's HEARING OFFICERS.

2.

Presiding Judge: HON. JEREMY MATTOX (614374)

COM : 000007 of 000018

NOT ORIGINAL DOCUMENT
07/12/2021 03:53:37 PM
89056

1.

64.     All JOHN DOE were Caucasian.

65.     MASON was an active participant throughout the entire process including the hearing.

66.     JOHN DOE was permitted to ask questions of JOHN DOE despite being a witness.

67.     JANE DOE declined to offer a statement for the hearing and refused to attend the hearing.

68.     JANE ROE did not participate nor offer any statement for the hearing.

69.     At no time has JOHN DOE ever been afforded the opportunity to face his accuser or even submit questions to her, even through counsel, MASON, the HEARING OFFICERS, or GEORGETOWN COLLEGE.

70.     JANE ROE's roommate and her RA appeared at the hearing at the request of GEORGETOWN COLLEGE and MASON to testify as to what JANE ROE told them about the sexual encounter after the fact.

71.     The witnesses told conflicting stories about JANE ROE's demeanor in her dormitory room, but both indicated that they believed her.

72.     GEORGETOWN COLLEGE, after repeated objections, reluctantly agreed to permit JOHN DOE to call T.M. as a witness in his defense.

73.     T.M. testified that he had not spoken with JOHN DOE since the incident and that JANE ROE was the one that initiated the request to obtain a condom to use with JOHN DOE, was engaged in consensual conduct of a sexual nature with JOHN DOE while he was still in the room, that he encountered them in the floor restroom immediately after they had sex and both were in good moods, talkative with each other, and that JANE ROE was not distressed nor did she provide any indication that their sexual encounter anything but consensual, and furthermore that JANE ROE did not appear to be intoxicated.

2.

Presiding Judge: HON. JEREMY MATTOX (614374)

COM : 000008 of 000018

Filed 21-CI-00389 06/21/2021 Tina Foster, Scott Circuit Clerk

NOT ORIGINAL DOCUMENT
07/12/2021 03:53:37 PM
89056

1.

74.     On May 29, 2020, the HEARING OFFICERS, despite hearing the testimony of T.M., rendered a decision and made a finding that John Do JOHN DOE was responsible for a violation of Title IX, specifically non-consensual sexual contact and imposed a sanction of expulsion.

75.     The sanction was the most severe sanction that could be imposed on JOHN DOE, despite it being his first finding of a violation of Title IX.

76.     JOHN DOE requested to file an appeal, which was his right, stating the basis for the appeal being (1) the weight of the evidence did not support the findings of the hearing committee, and (2) the sanction was excessive or inappropriate.

77.     On June 18, 2020, the Appellate Committee met to review the request and denied JOHN DOE's request to file an appeal.

78.     On June 19, 2020, the Appellate Committee's decision was communicated to JOHN DOE by letter from MASON without explanation of the denial.

79.     Prior to the hearing, JOHN DOE applied for admission to the University of Kentucky and the University of Louisville, but they would not admit him because he had not been exonerated by a Title IX hearing committee.

80.     After the decision of the HEARING OFFICERS, JOHN DOE reapplied to the University of Kentucky but received no response, presumably because he had been adjudged to have raped JANE ROE by the HEARING OFFICERS despite the weight of the evidence indicating otherwise and even though no charges were filed and, therefore, he had not been convicted of any crime.

81.     Since that time, JOHN DOE has only been able to enroll in an online university.

82.     GEORGETOWN COLLEGE's treatment of JOHN DOE violates their own Anti-Discrimination and Title IX policies which constitute a contract with a student.

2.

Presiding Judge: HON. JEREMY MATTOX (614374)

COM : 000009 of 000018

NOT ORIGINAL DOCUMENT
07/12/2021 03:53:37 PM
89056

1.

83.     JOHN DOE reserves the right to amend this pleading to conform to the evidence as

developed through discovery and as justice so requires.

<div align="center">

**COUNT 1**
**Breach of Contract**

</div>

84.     JOHN DOE incorporates the preceding paragraphs by reference of this Complaint as

though fully set forth herein.

85.     At all times relevant hereto, a contractual relationship existed between GEORGETOWN

COLLEGE and JOHN DOE.

86.     GEORGETOWN COLLEGE's Policy, and its public explanations of the meaning of

that Policy in places like its Title IX webpage, its Equity and Inclusion policy webpage, and

ATIXA training materials used by Georgetown College staff, were all part of that contract.

Under that contract, GEORGETOWN COLLEGE was required to act in accordance with these

publications in the treatment of students of color, resolving complaints of misconduct, in the

investigation of those complaints, in the process of adjudicating those complaints, and in

resolving appeals.

87.     GEORGETOWN COLLEGE breached this contract with JOHN DOE by failing to

comply with its own Policies.

88.     JOHN DOE has been seriously and irreparably damaged in the following ways, among

others: he has endured extreme emotional and psychological suffering as a result of the

GEORGETOWN COLLEGE's one-sided treatment of the false sexual assault charges against

him; he lost the ability to obtain finish his classes and obtain college credit during the Fall 2019

and Spring 2020 semesters; his attainment of a college degree, if any, will be delayed, thereby

delaying the time at which he can begin a career and the shortening of the length of that career;

his academic records from GEORGETOWN COLLEGE will reflect his expulsion and the

2.

Presiding Judge: HON. JEREMY MATTOX (614374)

NOT ORIGINAL DOCUMENT
07/12/2021 03:53:37 PM
89056

1.

reasons for it, handicapping his ability to be accepted at a transfer school or graduate school or to secure meaningful employment; and he will suffer a permanent reduction in lifetime earnings.

89.     GEORGETOWN COLLEGE's breach of contract is the proximate cause of JOHN DOE'S damages and he entitled all damages arising out of that breach.

## COUNT II – BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

90.     JOHN DOE incorporates the preceding paragraphs by reference of this Complaint as though fully set forth herein.

91.     Implicit in every contract is a covenant of good faith and fair dealing that requires parties to execute their duties under a contract in good faith.

92.     For all of the reasons stated in Count I, GEORGETOWN COLLEGE violated the covenant of good faith and fair dealing implicit in its contract with JOHN DOE.

93.     GEORGETOWN COLLEGE further violated the covenant in rejecting JOHN DOE's request to appeal the HEARING OFFICERS decision expelling him from the school.

94.     The Policy states that any student found responsible for sexual assault may receive a sanction ranging from suspension to expulsion.

95.     The Policy allows students to appeal sanctions that are significantly disproportionate to the violation.

96.     The right to appeal a sexual assault sanction based on its severity would be meaningless if a sanction within the permissible range could never be "significantly disproportionate to the violation."

97.     In doing so, GEORGETOWN COLLEGE adopted an interpretation of its Policy that effectively nullifies a sexual assault respondent's right to appeal.

2.

Presiding Judge: HON. JEREMY MATTOX (614374)

COM : 000011 of 000018

Filed        21-CI-00389    06/21/2021    Tina Foster, Scott Circuit Clerk

NOT ORIGINAL DOCUMENT
07/12/2021 03:53:37 PM
89056

1.

98.    As a result of GEORGETOWN COLLEGE's breach, and as a direct and proximate cause

thereof, JOHN DOE has been seriously and irreparably damaged in the following ways, among

others: he has endured extreme emotional and psychological suffering as a result of the College's

one-sided treatment of the false sexual assault charges against him; he lost the ability to obtain

finish his classes and obtain college credit during the Fall 2019 and Spring 2020 semesters; his

attainment of a college degree, if any, will be delayed, thereby delaying the time at which he can

begin a career and the shortening of the length of that career; his academic records from

GEORGETOWN COLLEGE will reflect his expulsion and the reasons for it, handicapping his

ability to be accepted at a transfer school or graduate school or to secure meaningful

employment; and he will suffer a permanent reduction in lifetime earnings.

99.    For all of these reasons, GEORGETOWN COLLEGE is liable to John Doe for breach of

the covenant of good faith and fair dealing and all damages arising out of that breach.

## COUNT III – VIOLATION OF TITLE IX (20 U.S.C. § 1681)

100.    JOHN DOE incorporates the preceding paragraphs by reference of this Complaint as

though fully set forth herein.

101.    GEORGETOWN COLLEGE receives federal funding, including in the form of federal

student loans given to students and Payment Protection Loans.

102.    Because it receives federal funding, GEORGETOWN COLLEGE is subject to the

requirements of Title IX.

103.    Title IX prohibits gender discrimination in the educational setting.

104.    The egregious misapplication of Title IX; the complete lack of evidence that JANE

ROE's engagement of sexual intercourse with JOHN DOE was not consensual; the complete

lack of evidence that JANE ROE was in fact incapacitated; and the serious credibility issues that

2.

Presiding Judge: HON. JEREMY MATTOX (614374)

COM : 000012 of 000018

NOT ORIGINAL DOCUMENT
07/12/2021 03:53:37 PM
89056

1.

emerged with respect to JANE ROE's testimony and that of her roommate and RA, cast serious

doubt on the HEARING OFFICERS and GEORGETOWN COLLEGE's finding of a Title IX

violatoin and show that the decision against him was based on his gender and/or race and the

gender and/or race of his accuser.

105.     Gender bias pervades the process by which GEORGETOWN COLLEGE investigates

and adjudicates sexual misconduct claims. The Policy, and the training received by those who

implement it, was the product of less than 1 month of work occasioned by the dubious complaint

of a female student who unrealistically claimed to have awoken only after John Doe disrobed her

and penetrated her. Its architect and chief implementer, MASON, designed a *survivor-centered

process* which was motivated by her views on gender and race. One of its primary goals of the

Policy is to eliminate *rape culture*, the chief symptom of which, according to multiple facets of

Georgetown College society, including at least its Title IX adjudicators, is to not entertain any

type of doubt about the truthfulness of a sexual assault claimant.

106.    MASON's, the HEARING OFFICER'S, and GEORGETOWN COLLEGE's approach to

sexual assault encourages women to make false accusations against men by demonizing them

and indoctrinating students to consider all male-female sexual encounters to be oppressive

against women unless otherwise indicated by a woman, who is also deemed incapable of

initiating sex and is presumed incapable of giving consent.

107.    Consistent with that belief, and upon information and belief, virtually every single

respondent put through GEORGETOWN COLLEGE's formal sexual misconduct resolution

process by MASON and the HEARING OFFICERS were men, and the vast majority of their

accusers were women who were believed without considering the evidence contrary to their

allegations.

2.

Presiding Judge: HON. JEREMY MATTOX (614374)

COM : 000013 of 000018

NOT ORIGINAL DOCUMENT
07/12/2021 03:53:37 PM
89056

1.

108.     The inherent bias against men is systemic and built into GEORGETOWN COLLEGE's

Title IX investigation and adjudication processes.  Moreover, GEORGETOWN COLLEGE

initiated its investigation and adjudication of the allegations against JOHN DOE in the shadow of

(1) the U.S. Department of Education's Office of Civil Rights ("OCR") investigations—of now

more than 200 colleges and universities nationwide—into how colleges and universities handle

allegations of sexual assault; and (2) innumerable reports covered in the national media that

suggest the pervasive nature of reports of sexual assault by male students on college campuses

throughout the nation. As a reaction to the scrutiny of these OCR investigations and these

national stories, and in particular in response to unfounded theories on the existence of *rape*

*culture* and the *believe all women who allege sexual assault by men* movement,

GEORGETOWN COLLEGE, MASON, and the HEARING OFFICERS were motivated to be

perceived as aggressively addressing women's claims of sexual assault on campus. They have

therefore treated male students accused of sexual misconduct by female students, including

JOHN DOE, more aggressively than it otherwise would, and more aggressively than it would

treat similar complaints made by male students against female students.

109.     Moreover, GEORGETOWN COLLEGE has treated the allegation more severely because

of JOHN DOE's Hispanic ethnicity and discounted the statements made by the only witness to

their encounter simply because the witness was an African American male.

110.     The effects of gender bias and racial bias were manifested in the proceedings against

JOHN DOE in other ways as well.

111.     MASON, as the Title IX Coordinator and the investigator at the time the

investigation against JOHN DOE was undertaken played a central role in the investigation

and adjudication of JANE ROE's claims. She provided evidence, in the form of

2.

Presiding Judge: HON. JEREMY MATTOX (614374)

COM : 000014 of 000018

NOT ORIGINAL DOCUMENT
07/12/2021 03:53:37 PM
89056

1.
summaries of interviews she conducted to GEORGETOWN COLLEGE and the

HEARING OFFICERS which intentionally withheld the statements of the only witness to

the encounter. Moreover MASON made little effort to obtain a written statement from the

only witness because it did not fit the narrative the Defendants chose to adopt.

112.    The HEARING OFFICERS became aware of MASON's intentional withholding

of exculpatory evidence at least as early as the hearing.

113.    Despite the fact that JOHN DOE pleaded for relief when he begged MASON for

help in quickly resolving the adjudication after the investigation was complete,

GEORGETOWN COLLEGE, MASON, and the HEARING OFFICERS would not

provide JOHN DOE with a timely resolution that would permit him to continue his

academic studies. JOHN DOE would not have received such treatment if he were a

female.

177.    In addition, MASON became offended that JOHN DOE had exercised his right

to have an attorney advisor for the Title IX adjudication process and intentionally proceeded

immediately to suspend JOHN DOE for two semesters.

178.    GEORGETOWN COLLEGE, MASON, and the HEARING OFFICERS, upon

information and belief, have engaged in a pattern of unfair investigations and adjudications

resulting in serious sanctions being imposed on male students and in requiring the accused to

prove their innocence beyond a reasonable doubt. Upon information and belief, the Defendants

have not acted comparably with respect to allegations of sexual misconduct made against

female students.

179.    As a direct result of the Defendants' violations of Title IX, and as a direct and

proximate cause thereof, JOHN DOE has been seriously and irreparably damaged in the

2.

NOT ORIGINAL DOCUMENT
07/12/2021 03:53:37 PM
89056

1.

following ways, among others: he has endured extreme emotional and psychological suffering as a result of the Defendants one-sided treatment of the false sexual assault charges against him; he lost the ability to obtain college credit during the Fall 2019 and Spring 2020 semesters; his attainment of a college degree, if any, will be delayed, thereby delaying the time at which he can begin a career and shortening the length of that career; his academic records from Georgetown College will reflect his expulsion and its reasons, handicapping his ability to be accepted at a transfer school or graduate school or to secure his desired employment; and he will suffer a permanent reduction in lifetime earnings.

180.    Accordingly, the Defendants are liable to JOHN DOE for violations of Title IX and for all damages arising out of that violation.

## COUNT IV – NEGLIGENCE

181.    Plaintiff incorporates by reference all of the preceding paragraphs of this Complaint as though fully set forth herein.

182.    In conducting its investigation and adjudication of JANE ROE's complaint against JOHN DOE, all Defendants owed a common law duty to JOHN DOE to exercise reasonable care, with due regard for the truth, an evenhanded application of procedure, and the important and irreversible consequences of its actions, as well as JOHN DOE's various liberty and property rights and interests generally.

183.    Through the acts set forth above, GEORETOWN COLLEGE, acting through its agents, servants and/or employees, and MASON, and the HEARING OFFICERS breached that duty by carelessly, improperly, and negligently performing its assigned duties and facilitating a process that violated the rights and interests of JOHN DOE.

184.    In particular, GEORGETOWN COLLEGE has negligently trained and

2.

Presiding Judge: HON. JEREMY MATTOX (614374)

NOT ORIGINAL DOCUMENT
07/12/2021 03:53:37 PM
89056

1.

supervised the individuals it employs to investigate claims of sexual misconduct, adjudicate those claims, or otherwise implement the Policy. Upon information and belief, those individuals are trained to implement the Policy's goal of combating *rape culture*, a chief element of which, in the Georgetown College community, is to express any doubt about the veracity of those alleged to have committed sexual misconduct. GEORGETOWN COLLEGE and MASON, furthermore, negligently trained the HEARING OFFICERS in the Policy's definition of *incapacitation* and in applying the preponderance of the evidence standard.

185.    As a direct result of the negligence of all Defendants, and as a direct and proximate cause thereof, JOHN DOE has been seriously and irreparably damaged in the following ways, among others: he has endured extreme emotional and psychological suffering as a result of the Defendants' one-sided treatment of the false sexual assault charges against him; he lost the ability to obtain college credit during the Fall 2019 and Spring 2020 semesters; his attainment of a college degree, if any, will be delayed, thereby delaying the time at which he can begin a career and the shortening of the length of that career; his academic records from Georgetown College will reflect his expulsion and its cause, handicapping his ability to be accepted at a transfer school or graduate school or to secure his desired employment; and he will suffer a permanent reduction in lifetime earnings.

186.    Accordingly, all Defendants are liable to s for negligence and for all damages arising out of that violation.

## PRAYER FOR RELIEF

**WHEREFORE**, for the foregoing reasons, the Plaintiff, JONN DOE, demands judgement of and from the Defendants as follows:

2.

Presiding Judge: HON. JEREMY MATTOX (614374)

COM : 000017 of 000018

NOT ORIGINAL DOCUMENT
07/12/2021 03:53:37 PM
89056

1.

1. For an Order compelling Georgetown College, Ms. Mason, and the HEARING

   OFFICERS to comply with Title IX and to adopt policies and procedures to remedy the

   bias exhibited toward male students.

2. For the removal of disciplinary charges and findings against JOHN DOE in his

   Georgetown College record;

3. For compensatory damages.

4. For punitive damages.

5. For pre-judgment and post-judgment interest and costs.

6. For its costs and attorney's fees as allowed by law.

7. For and such other and further relief as the Court may deem proper and just.

<div align="right">

Respectfully submitted,

*/s/ Kevan Morgan*
Kevan Morgan
Morgan Law Office, PLC
130 N. Hamilton St
Ste 103
Georgetown, KY 40324
*Counsel for the Plaintiff*

*/s/ Jim Francis*
James M. Francis
Francis Law Firm, PLLC
4071 Tates Creek Centre Dr
Ste 304
Lexington, KY 40517
*Counsel for the Plaintiff*

</div>

2.

Presiding Judge: HON. JEREMY MATTOX (614374)

COM : 000018 of 000018

AOC-E-105          Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice      *Courts.ky.gov*

CR 4.02; Cr Official Form 1



NOT ORIGINAL DOCUMENT
07/12/2021 21:56:01

Case #: **21-CI-00389**

89066  Court:  **CIRCUIT**

County:  **SCOTT**

# CIVIL SUMMONS

*Plantiff,* **DOE, JOHN VS. GEORGETOWN COLLEGE ET AL**, *Defendant*

**TO:  DAVID WILHITE**

**400 EAST COLLEGE ST**

**GEORGETOWN, KY 40324**

Memo: Related party is GEORGETOWN COLLEGE

The Commonwealth of Kentucky to Defendant:
**GEORGETOWN COLLEGE**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Tina Foster, Scott Circuit Clerk
Date: **6/21/2021**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____ , 20 _____

_____

Served By

_____

Title

Presiding Judge: HON. JEREMY MATTOX (614374)

CI : 000001 of 000001

Summons ID: @00000983914
CIRCUIT: 21-CI-00389 Certified Mail
DOE, JOHN VS. GEORGETOWN COLLEGE ET AL



Page 1 of 1

**eFiled**

AOC-E-105   Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice     Courts.ky.gov

CR 4.02; Cr Official Form 1



**NOT ORIGINAL DOCUMENT**
07/12/2021
89086

Case #: **21-CI-00389**

Court: **CIRCUIT**

County: **SCOTT**

# CIVIL SUMMONS

*Plantiff,* **DOE, JOHN VS. GEORGETOWN COLLEGE ET AL**, *Defendant*

TO: **ROGER WARD**

   **400 EAST COLLEGE ST**

   **GEORGETOWN, KY 40324**

The Commonwealth of Kentucky to Defendant:

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Tina Foster, Scott Circuit Clerk
Date: **6/21/2021**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

   Date: _____, 20 _____

   _____
   Served By

   _____
   Title

Presiding Judge: HON. JEREMY MATTOX (614374)

CI : 000001 of 000001

Summons ID: @00000983913
CIRCUIT: 21-CI-00389 Certified Mail
DOE, JOHN VS. GEORGETOWN COLLEGE ET AL



Page 1 of 1

eFiled

AOC-E-105      Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice      *Courts.ky.gov*

CR 4.02; Cr Official Form 1



NOT ORIGINAL DOCUMENT
07/12/2021
89066

Case #: **21-CI-00389**

Court: **CIRCUIT**

County: **SCOTT**

# CIVIL SUMMONS

*Plantiff,* **DOE, JOHN VS. GEORGETOWN COLLEGE ET AL**, *Defendant*

TO:   **JOHN JOHNSON**

   **400 EAST COLLEGE ST**

   **GEORGETOWN, KY 40324**

The Commonwealth of Kentucky to Defendant:

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

                    /s/ Tina Foster, Scott Circuit
                    Clerk
                    Date: **6/21/2021**

Presiding Judge: HON. JEREMY MATTOX (614374)

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

   Date: _____, 20 _____

                    _____
                                    Served By

                    _____
                                    Title

CI : 000001 of 000001



eFiled

AOC-E-105        Sum Code: CI
Rev. 9-14



Commonwealth of Kentucky
Court of Justice        Courts.ky.gov

CR 4.02; Cr Official Form 1

NOT ORIGINAL DOCUMENT
07/12/2021

Case #: **21-CI-00389**

Court: **CIRCUIT**

County: **SCOTT**

# CIVIL SUMMONS

---

*Plantiff,* **DOE, JOHN VS. GEORGETOWN COLLEGE ET AL**, *Defendant*

TO:  **LEAH CASTLEMAN**

   **400 EAST COLLEGE ST**

   **GEORGETOWN, KY 40324**

The Commonwealth of Kentucky to Defendant:

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

   /s/ Tina Foster, Scott Circuit Clerk
   Date: **6/21/2021**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

   Date: _____, 20 _____

   _____
   Served By

   _____
   Title

Summons ID: @00000983911
CIRCUIT: 21-CI-00389 Certified Mail
DOE, JOHN VS. GEORGETOWN COLLEGE ET AL



eFiled

*Presiding Judge: HON. JEREMY MATTOX (614374)*

CI : 000001 of 000001

AOC-E-105     Sum Code: CI
Rev. 9-14



Commonwealth of Kentucky
Court of Justice     Courts.ky.gov

CR 4.02; Cr Official Form 1

NOT ORIGINAL DOCUMENT
07/12/2021
89056

Case #: **21-CI-00389**

Court:   **CIRCUIT**

County:   **SCOTT**

# CIVIL SUMMONS

*Plantiff,* **DOE, JOHN VS. GEORGETOWN COLLEGE ET AL**, *Defendant*

TO:  **ROBERT FULTZ**

   **400 EAST COLLEGE ST**

   **GEORGETOWN, KY 40324**

The Commonwealth of Kentucky to Defendant:

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

                   /s/ Tina Foster, Scott Circuit
                   Clerk
                   Date: **6/21/2021**

<div style="writing-mode: vertical">Presiding Judge: HON. JEREMY MATTOX (614374)</div>

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

   Date: _____, 20 _____

                   _____
                            Served By

                   _____
                            Title

Summons ID: @00000983910
CIRCUIT: 21-CI-00389 Certified Mail
DOE, JOHN VS. GEORGETOWN COLLEGE ET AL

CI : 000001 of 000001



eFiled

AOC-E-105      Sum Code: CI
Rev. 9-14



**NOT ORIGINAL DOCUMENT**
07/12/2021
89006

Case #: **21-CI-00389**

Commonwealth of Kentucky
Court of Justice      *Courts.ky.gov*

Court:  **CIRCUIT**

County:  **SCOTT**

CR 4.02; Cr Official Form 1

## CIVIL SUMMONS

---

*Plantiff,* **DOE, JOHN VS. GEORGETOWN COLLEGE ET AL**, *Defendant*

TO:  **PATRICIA GAETZ**

 **400 EAST COLLEGE ST**

 **GEORGETOWN, KY 40324**

The Commonwealth of Kentucky to Defendant:

 You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

 /s/ Tina Foster, Scott Circuit Clerk
 Date: **6/21/2021**

---

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

 To: _____

☐ Not Served because: _____

 Date: _____, 20 _____

 _____
 Served By

 _____
 Title

---

Summons ID: @00000983909
CIRCUIT: 21-CI-00389 Certified Mail
DOE, JOHN VS. GEORGETOWN COLLEGE ET AL



Page 1 of 1

Presiding Judge: HON. JEREMY MATTOX (614374)

CI : 000001 of 000001

*eFiled*

AOC-E-105        Sum Code: CI
Rev. 9-14



NOT ORIGINAL DOCUMENT
07/12/2021
Case #:  **21-CI-00389**
89006
Commonwealth of Kentucky
Court of Justice        *Courts.ky.gov*                          Court:   **CIRCUIT**

                                                                County:  **SCOTT**
CR 4.02; Cr Official Form 1
                              **CIVIL SUMMONS**

---

*Plantiff,* **DOE, JOHN VS. GEORGETOWN COLLEGE ET AL**, *Defendant*

 

TO:  **TIERA MASON**

    **400 EAST COLLEGE ST**

    **GEORGETOWN, KY 40324**

The Commonwealth of Kentucky to Defendant:

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

 

                                      /s/ Tina Foster, Scott Circuit Clerk
                                      Date: **6/21/2021**

<div style="text-align:right"><em>Presiding Judge: HON. JEREMY MATTOX (614374)</em></div>

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

   Date: _____, 20 _____

                                _____
                                       Served By

                                _____
                                        Title

<div style="text-align:right"><em>CI : 000001 of 000001</em></div>



**eFiled**



**Commonwealth of Kentucky**
**Tina Foster, Scott Circuit Clerk**

NOT ORIGINAL DOCUMENT
07/12/2021 03:24:19 PM
89056

| Case #: **21-CI-00389** | Envelope #: **3589990** |
|---|---|
| **Received From:** JAMES FRANCIS | **Account Of:** JAMES FRANCIS |
| **Case Title:** DOE, JOHN VS. GEORGETOWN COLLEGE ET A | **Confirmation Number:** 127235144 |
| **Filed On** 6/21/2021  11:32:33PM | |

| # | Item Description | Amount |
|---|---|---|
| 1 | Access To Justice Fee | $20.00 |
| 2 | Civil Filing Fee | $150.00 |
| 3 | Money Collected For Others(Court Tech. Fee) | $20.00 |
| 4 | Library Fee | $1.00 |
| 5 | Court Facilities Fee | $25.00 |
| 6 | Money Collected For Others(Attorney Tax Fee) | $5.00 |
| 7 | Charges For Services(Jury Demand / 12) | $70.00 |
| 8 | Money Collected For Others(Postage) | $91.00 |
| 9 | Charges For Services(Copy - Photocopy) | $14.00 |
| | **TOTAL:** | $396.00 |

Scott County

Tina Foster

Circuit Court Clerk

**Receipt Number: 22-0008329-A**

DATE: 06/22/2021

TIME: 10:09 AM

*** (Z) OTHER TYPE RECEIPT ***

**CASE NO: 21-CI-00389**

RECEIVED FROM: JAMES FRANCIS

ACCOUNT OF: DOE, JOHN VS.
GEORGETOWN COLLEGE ET AL

PARTY NAME: JAMES FRANCIS

| | | |
|---|---|---:|
| 1. | ATJ Fee (1) | $20.00 |
| 2. | Civil Filing Fee (Q) | $150.00 |
| 3. | Court Technology MCFO(K(CT)) | $20.00 |
| 4. | Library Fee (L) | $1.00 |
| 5. | Court Facilities Fee ([) | $25.00 |
| 6. | Att Tax Fee MCFO(K(Q)) | $5.00 |
| 7. | Jury Demand / 12 CS(W(M)) | $70.00 |
| 8. | Postage MCFO(K(H)) | $91.00 |
| 9. | Copy - Photocopy CS(W(F)) | $14.00 |

TOTAL: $396.00

CREDIT CARD: $396.00

***DIFF: $0.00

*** Credit Card Invoice #: 127235144

3589990

....................................................

*** MultiReceipt/MassReceipt Transaction ***

Reprint : 6/23/2021  10:24:20AM

Prepared By: Web_Payment

Pay Online Visit:

www.kycourts.gov    and click on Pay Fine/Fee.

Reprint

COMMONWEALTH OF KENTUCKY
SCOTT CIRCUIT COURT
CIVIL DIVISION
CIVIL ACTION NUMBER 21-CI-00389
*Electronically Filed*

JOHN DOE                                                                                    PLAINTIFF

v.

GEORGETOWN COLLEGE;                                                        DEFENDANTS
LEAH CASTLEMAN, in her official and
individual capacity; ROBERT FULTZ, in his
official and individual capacity; PATRICIA
GAETZ, in her official and individual capacity;
JOHN JOHNSON, in his official and individual
capacity; TIERA MASON, in her official and
individual capacity; ROGER WARD, in his
official and individual capacity

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to the 28 U.S.C. §§ 1331, 1367, 1441, and 1446, the Defendants, Georgetown

College, Leah Castleman, in her official and individual capacity, Robert Fultz, in his official and

individual capacity, Patricia Gaetz, in her official and individual capacity, John Johnson, in his

official and individual capacity, Tiera Mason, in her official and individual capacity, and  Roger

Ward, in his official and individual capacity, hereby give notice that they haves filed the attached

copy of a Notice of Removal of this action in the United States District Court for the Eastern

District of Kentucky, Central Division at Lexington.[1] This Notice of Removal has been duly filed

in the United States District Court.

Pursuant to 28 U.S.C. §§ 1331, 1367 1441, and 1446, the filing of this copy of the Notice

of Removal effects the removal of this action from the State Court to the United States District

Court, and the State Court shall proceed no further herein.

---

[1] Exhibit 1, Federal Notice of Removal

FREEMAN MATHIS & GARY, LLP

*s/ Tia J. Combs*

Casey C. Stansbury
Tia J. Combs
2525 Harrodsburg Road, Suite 500
Lexington, KY 40504
(859) 410-7854
CStansbury@fmglaw.com
TCombs@fmglaw.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

This is to certify that the foregoing has been served, via first class USPS, postage prepaid, and email, on this the 12th day of July 2021, upon the following:

Kevan Morgan
Morgan Law Office, PLC
130 N. Hamilton St.
Ste 103
Georgetown, KY 40324
*Counsel for the Plaintiff*

James M. Francis
Francis Law Firm, PLLC
4071 Tates Creek Centre Dr.
Ste 304
Lexington, KY 40517
*Counsel for the Plaintiff*

*s/ Tia J. Combs*
*Counsel for Defendants*